# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT LONNELL SMITH,

    Plaintiff

v.

SCOTT RASMUSSEN, et al.,

    Defendants

Case No.: 3:25-cv-00215-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 6

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

## I. BACKGROUND

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and a pro se complaint. On July 15, 2025, the court issued an order granting Plaintiff's IFP application and screening the complaint. (ECF No. 5.)

The complaint (ECF No. 6) asserts violations of Plaintiff's rights arising from his arrest and subsequent charges. It named as defendants Reno Police Officer Scott Rasmussen, Reno Police Detective Benjamin Rhodes, the City of Reno, and Washoe County. The court found the complaint sufficiently stated a claim of Fourth Amendment malicious prosecution against defendants Rasmussen and Rhodes and a claim of Fourth Amendment false arrest against Rasmussen, but the court dismissed all other claims without prejudice, with leave to amend. Plaintiff was granted thirty days to file an amended complaint and advised that if he failed to do so, the original complaint may proceed on only the claims identified as sufficiently alleged.

1    Plaintiff has not filed an amended complaint, and the time for doing so has expired.

2    Accordingly, the court recommends that the District Judge enter an order allowing the complaint

3    to proceed on Plaintiff's Fourth Amendment malicious prosecution claim against Defendants

4    Rasmussen and Rhodes and false arrest claim against defendant Rasmussen, and dismissing the

5    remaining defendants with prejudice.

## II. SCREENING

### A. Standard

8    "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

9    allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

10   to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

11   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

12   Dismissal of a complaint for failure to state a claim upon which relief may be granted is

13   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

14   tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

15   court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

16   F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

17   state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

18   Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

19   Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

20   232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

21   The court must accept as true the allegations, construe the pleadings in the light most

22   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

23   395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Plaintiff's claims arise from his arrest on June 9, 2020, and subsequent charges for battery with a deadly weapon, possession of a firearm by a prohibited person, open murder, and felon in possession of a firearm. Plaintiff asserts that the charges of battery and possession by a prohibited person were invalid but remained pending throughout his murder trial, prejudicing his defense in that case, before ultimately being dismissed on or about April 24, 2023.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The complaint alleges that Plaintiff was arrested around 9 p.m. on June 9, 2020, by Defendant Rasmussen and other unnamed officers for battery with a deadly weapon and possession of a firearm by a prohibited person.[1] (ECF No. 6 at 3.) Plaintiff was taken to an interrogation room at Reno Police Station and cuffed to the floor for six hours before being interrogated by Defendant Rhodes. Plaintiff asked Rhodes if he was under arrest, and Rhodes said he was, but Rhodes would not tell Plaintiff what he was under arrest for. Around 8 a.m. on June 10, 2020, Plaintiff was booked into Washoe County Detention Facility and charged with (1) battery with a deadly weapon; (2) possession of a weapon by a prohibited person; (3) open murder and (4) ex-felon in possession of a firearm.

Plaintiff knew there was no proof of the battery charge, but although he was arraigned on the charge on June 11, 2020, he made no further court appearances until 2022. (*Id.* at 4.) He attempted to move the charge forward so he could prove his innocence, but his attorney told him

---

[1] Plaintiff was told he was being detained for jaywalking, but discovery in his criminal cases later revealed the stated basis for his arrest was battery with a deadly weapon.

1  he could not because it was the subject of a "Prior Bad Act Motion" filed in the murder case.

2  Plaintiff asserts the District Attorney and the court had no intention of prosecuting the battery

3  charge and that it was used to prejudice his murder trial. After conviction and sentencing on the

4  murder charge, the battery charge was dismissed pursuant to motion of the D.A.

5        The Fourth Amendment guarantees a citizen's right to be free from "unreasonable

6  searches and seizures." U.S. Const. amend. IV. "A claim for unlawful arrest is cognizable under

7  § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause

8  or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation

9  omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment

10  prohibits government officials from detaining a person in the absence of probable cause.").

11  "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy

12  information of facts and circumstances sufficient to lead a prudent person to believe that [the

13  arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d

14  1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

15        "If there is a false arrest claim, damages for that claim cover the time of detention up

16  until issuance of process or arraignment, but not more. From that point on, any damages

17  recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial

18  process rather than detention itself.*" Wallace v. Kato*, 549 U.S. 384, 390 (citations omitted).

19        The Supreme Court has recognized a Fourth Amendment claim for malicious

20  prosecution, the gravamen of which "is the wrongful initiation of charges without probable

21  cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail on this claim, "a plaintiff must

22  show that a government official charged him without probable cause, leading to an unreasonable

23  seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Plaintiff

must also show "that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39.

A "malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure." *Chiaverini*, 602 U.S. at 564. A malicious prosecution claim can still be maintained even where a plaintiff is maintained in custody on both valid charges and invalid charges. *Id.* at 558-59.

Plaintiff alleges he was arrested by Rasmussen without probable cause or a warrant. He has therefore stated a colorable claim for false arrest against defendant Rasmussen.  He also alleges he was charged with battery with a deadly weapon without probable cause, and the charge was later dismissed. While Plaintiff also faced valid criminal charges, including murder, this fact cannot automatically preclude a malicious prosecution claim. Taking Plaintiff's allegations as true and construing the complaint in a light most favorable to Plaintiff, the complaint alleges the charge of battery with a deadly weapon was wrongfully initiated, and Plaintiff was seized as a result. For the purposes of screening, these allegations state a colorable claim for Fourth Amendment malicious prosecution against defendants Rasmussen and Rhodes. The complaint does not state any other colorable claim against defendants Rasmussen and Rhodes.

The complaint fails to state a claim against Washoe County "as County Administrator of Reno Municipal/Judicial District Court." (ECF No. 6 at 2.)  To the extent this claim was directed at Reno Justice Court and/or Second Judicial District Court, these courts are arms of the state, and thus neither is a person for § 1983 purposes and both have sovereign immunity under the Eleventh Amendment.[2] *See Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980

---

[2] States are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A

(9th Cir. 2024); *Huckbottom v. Reno Just. Ct.*, No. 318CV00331MMDCBC, 2019 WL 4855360, at *2 (D. Nev. Oct. 1, 2019); *Spottedbear v. Sheahan*, No. 318CV00374MMDCBC, 2019 WL 1197697, at *2 (D. Nev. Feb. 22, 2019), *report and recommendation adopted*, No. 318CV00374MMDCBC, 2019 WL 1177959 (D. Nev. Mar. 13, 2019).

To the extent the Plaintiff seeks to hold Washoe County liable for the actions of its agencies, including, it appears, the District Attorney's Office (ECF No. 6 at 6-7), the complaint fails to state a § 1983 claim against the county. A municipality, including a county, can be liable for the infringement of constitutional rights only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). A municipality may not be sued under a respondeat superior theory because it employed an alleged wrongdoer. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019).

Rather, a municipality may be liable under § 1983 for "constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Id.* at 602-03. "To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (Gordon II) (internal quotation marks and citation omitted).

---

governmental agency that is an arm of the state is not a person for purposes of section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Further, "[i]t is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003); *see also Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017).

The complaint does not allege that Plaintiff's injuries were the result of a custom, policy, failure to train, supervise or discipline, or a decision or act by a final policymaker. It does not therefore state any section 1983 claim against Washoe County. Because Plaintiff has had an opportunity to amend the complaint to adequately plead this claim, Washoe County should be dismissed from this action with prejudice.

The complaint also fails to state a claim against the City of Reno. Plaintiff sues the City of Reno, "as City Administrator of Reno Judicial District Court." (ECF No. 6 at 2.) If what Plaintiff means by "Reno Judicial District Court" is the Reno Justice Court or Second Judicial District Court, neither entity is part of the City of Reno, so the City of Reno would not be a proper defendant in this case. If what Plaintiff means is the Reno Municipal Court, the complaint does not contain any allegations that clearly relate to Reno Municipal Court, much less allegations that would support a section 1983 municipal liability claim against the City of Reno. Either way, the complaint fails to state a claim against the City of Reno. Because Plaintiff has had an opportunity to amend the complaint, but did not do so, the City of Reno should be dismissed with prejudice.

The court therefore recommends the District Judge enter an order allowing the complaint to proceed on a claim of Fourth Amendment false arrest against Defendant Rasmussen and a claim of Fourth Amendment malicious prosecution against Defendants Rasmussen and Rhodes and dismissing with prejudice Defendants Washoe County and the City of Reno.

/ / /

/ / /

/ / /

/ / /

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with his Fourth Amendment false arrest claim against Scott Rasmussen and his Fourth Amendment malicious prosecution claim against Rasmussen and Benjamin Rhodes.

(2) **DISMISSING WITH PREJUDICE** the City of Reno and Washoe County.

(3) Directing the Clerk of Court to **ISSUE** summonses for defendants Scott Rasmussen and Benjamin Rhodes, and **deliver the same**, to the U.S. Marshal for service. The Clerk should also be instructed to **SEND** sufficient copies of the complaint and any order adopting this Report and Recommendation to the U.S. Marshal for service on the defendants. The Clerk should be directed to **SEND** to Plaintiff two USM-285 forms. Plaintiff should be given **21 days** from the date of any order adopting this Report and Recommendation to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Plaintiff should be advised that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of any order adopting this Report and Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed

1  after a deadline set by the court or applicable rules will be denied absent a showing of excusable

2  neglect.

3          The Plaintiff should be aware of the following:

4          1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

5  this Report and Recommendation within fourteen days of being served with a copy of the Report

6  and Recommendation. These objections should be titled "Objections to Magistrate Judge's

7  Report and Recommendation" and should be accompanied by points and authorities for

8  consideration by the district judge. Failure to file a timely objection may waive the right to

9  appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

10         2. That this Report and Recommendation is not an appealable order and that any notice of

11  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

12  until entry of judgment by the district court.

13

14  **IT IS SO ORDERED**.

15

16  Dated: August 29, 2025

17                                                    _____

18                                                    Craig S. Denney
                                                       United States Magistrate Judge

19

20

21

22

23