UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LONNELL SMITH,<br><br>   Plaintiff<br><br>v.<br><br>SCOTT RASMUSSEN, et al.,<br><br>   Defendants | Case No.: 3:25-cv-00215-MMD-CSD<br><br>**Order**<br><br>Re: ECF No. 15 |

    Plaintiff has filed a motion to serve defendants Scott Rasmussen and Benjamin Rhodes through alternative means. (ECF No. 15.)

    On the USM-285 forms he submitted, Plaintiff listed the addresses for both defendants as the Reno Police Department. The summons were returned unexecuted. (ECF Nos. 13, 14.) Plaintiff asserts that "it is clear that the defendants are still employed at the address of service attempts," and he asks that he be allowed to serve them either by certified mail, by leaving the summons and complaint with their supervisors, or by e-mail. (ECF No. 15.)

    Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

    (1) following state law for serving a summons … in the state where the district court is located or where service is made;

    (2) doing any of the following:

      (A) delivering a copy … to the individual personally;

      (B) leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

      (C) delivering a copy … to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In addition to these methods, Nev. R. Civ. P. 4.2(a)(1), Nevada allows for service by alternative means if the traditional service methods are "impracticable," and the plaintiff (1) demonstrates he has undertaken due diligence to locate and serve the defendant, (2) provides the defendant's known or last known contact information, including email addresses, and (3) explains why the proposed alternative service methods comport with due process. Nev. R. Civ. P. 4.4(b)(1),(2).

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citation omitted).

Plaintiff has not provided sufficient information for the court to conclude that he has undertaken due diligence to locate and serve the defendants. If the defendants cannot be served at Reno Police Department, then Plaintiff must conduct his own investigation to try and locate the defendants. *See Peterson v. United States*, No. EDCV 15-00143-AB (RAO), 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) ("Although plaintiff may not have access to public records because of his incarceration, Plaintiff has not had someone else perform an appropriate investigation into public records on his behalf."). Plaintiff does not identify any efforts to locate and serve the defendants. For example, he does not address whether he has solicited family or friends or even a private investigator. Nor does Plaintiff identify the defendants' supervisors or provide the defendants' last known contact information, including their email addresses.

The court appreciates this is a difficult task for an indigent inmate to undertake. However, the statute places the burden on the party seeking to conduct service by alternative means to

show that he has been diligent in his attempts to locate and serve the defendants. For these reasons, Plaintiff's motion for substitute service (ECF No. 15) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 6, 2025

_____
Craig S. Denney
United States Magistrate Judge